UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BOX, INC.,<br><br>    Defendant. | Case No. 18-cv-07038-JST<br><br>**ORDER DENYING MOTION TO DISMISS FOR UNTIMELY SERVICE**<br><br>Re: ECF No. 15 |

Before the Court is Defendant Box, Inc.'s motion to dismiss for untimely service. ECF No. 15. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the matter suitable for disposition without oral argument and vacates the April 25, 2019 hearing. The Court will deny the motion.

## I. BACKGROUND

Plaintiff Uniloc 2017 LLC filed its complaint on November 20, 2018. ECF No. 1. Federal Rule of Civil Procedure 4(m) provides a default period of 90 days for a plaintiff to complete service. That 90-day period expired on February 18, 2019. Because that date was a legal holiday, Uniloc had until the following day to complete service. Fed. R. Civ. P. 6(a)(1)(C), 6(a)(6)(A). The parties agree that Uniloc served Box on February 27, 2019 – eight days past the deadline prescribed by Rule 4(m). *See* ECF No. 15-1 ¶ 2; ECF No. 16 at 4.

Box now moves to dismiss the complaint for untimely service under Federal Rules of Civil Procedure 4(m) and 12(b)(5).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) allows a party to file a motion to dismiss based on "insufficient service of process." With exceptions not applicable here, Federal Rule of Civil

Procedure 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Courts have broad but not limitless "discretion to extend time for service under Rule 4(m)," *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007), and may extend time for service even after the Rule 4(m) deadline has expired, *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw*, 473 F.3d at 1041 (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)). In addition, the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

### III. DISCUSSION

It is undisputed that Uniloc did not serve Box within 90 days of filing its complaint. Because Uniloc does not argue that it had good cause for its delay, *see* ECF No. 16, Rule 4(m) requires the Court to dismiss the action without prejudice or extend the time for service. Three of the four factors identified by the Ninth Circuit in *Efaw*, 473 F.3d at 1041, weigh in favor of a retroactive extension of time for service: Box has suffered no prejudice, has actual notice of the lawsuit, and has now been actually served.[1] The only factor weighing in favor of dismissal is that, as Uniloc concedes, "[t]here is no statute of limitations issue in this case." ECF No. 16 at 5. If this Court were to dismiss the complaint without prejudice, Uniloc would be able to file another, identical lawsuit and, presumably, would timely serve Box with a summons and a copy of the new

---

[1] Box argues that Uniloc has engaged in gamesmanship, ECF No. 15 at 6, and has "repeatedly harassed Box with improper lawsuits," ECF No. 18 at 5. But it cites no authority, and the Court is aware of none, that assertions of this nature, if true, constitute prejudice in this context. Box has actual notice of the lawsuit and was served eight days after Rule 4(m)'s 90-day deadline expired. The Court finds no prejudice under these circumstances.

2

complaint. As this Court noted in a previous case: "Although the Court may . . . have discretion to dismiss Plaintiff's complaint . . ., the Court declines to do so. Any such dismissal would be 'without prejudice.' Since Plaintiff has now served [Box], it would be an empty gesture to dismiss the complaint on these grounds." *Haynes v. Hanson*, No. 11-cv-05021-JST, 2013 WL 1390387, at *8 (N.D. Cal. Apr. 4, 2013) (quoting Fed. R. Civ. P. 4(m)), *aff'd on other grounds*, 695 F. App'x 317 (9th Cir. 2017).

## CONCLUSION

Box's motion to dismiss for untimely service is denied. Uniloc is granted a retroactive extension of the service deadline to February 27, 2019.

**IT IS SO ORDERED.**

Dated: April 11, 2019

_____
JON S. TIGAR
United States District Judge